## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PROTECT THE PUBLIC'S TRUST    )
712 H Street, N.E.            )
Suite 1682                    )
Washington, D.C. 20002,       )
                              )
   Plaintiff,  )
                              )
v.                            )  Civil Case No. 1:22-cv-03513
                              )
U.S. DEPARTMENT OF JUSTICE    )
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530        )
                              )
   Defendant.   )
_____ )

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5.  Defendant U.S. Department of Justice ("DOJ" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.  On or before October 19, 2021, PPT submitted a FOIA request to the Department seeking the following records from regarding political appointees at the Department from August 1, 2021, through the date the request is processed:

1.  Meeting Requests: All records for meeting requests, meeting memos, briefing documents schedules, communications, and any other records related to the National School Boards Association (NSBA). This should include but not be limited to records and communications relating to meetings among DOJ officials, between DOJ and other federal agencies, between DOJ officials and the White House, and with any state officials or outside organizations (e.g., National Education Association) discussing citizen protests or school board meetings raising concerns about COVID-19 policies or critical race theory educational curriculum.

2.  External and Internal Communications: Any and all communications, documents, and other records pertaining to the NSBA letter dated September 30, 2021, domestic terrorism concerns raised by local school boards over protests or threats by parents or other citizens, or other outreach to NSBA before or after receiving the letter. This should include, but not be limited to, any communication with the NSBA, White House, Department of Education or Department of Homeland Security on adopting any of the letter's

recommendations, responding to the letter, or the need to address the issues raised therein.

3. Data and Analysis: Any and all records that support the use of federal resources, including law enforcement resources, to investigate threats made against local school boards, superintendents, or similarly positioned local education officials.

4. Records related to the Attorney General's letter on the issues raised in the NSBA letter, including the decision to draft a response, dedicate federal resources, the basis for federal intervention in local school board matters, and public communications efforts to defend or promote the AG letter's messages or actions.

7. As the head of the Department, Attorney General Garland, has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help contribute to the public understanding of the role DOJ officials played in the controversy over deploying federal resources, including law enforcement resources, to investigate parents and citizens upset over local school board policies.

9. On October 19, 2021, the Department acknowledged Plaintiff's request and referred to it as request number 22-00009-F. The Department also provided a letter citing "the large number of Freedom of Information Act and Privacy Act requests received by the Civil Rights Division," the need to "consult with other offices in the Civil Rights Division to

conduct a search and locate records which may be responsive to your request," and

"operational changes" relating to COVID-19 as reasons for a delay in processing

Plaintiff's request.

10. On November 12, 2021, Plaintiff reached out seeking a status update.

11. On November 15, 2021, Defendant responded in part "[t]he Division received

approximately 302 FOIA requests prior to your request.  In an effort to be fair to the

requesters that filed prior to your request, the Division is responding to these in the

approximate order of receipt.  Various factors impact the turnaround time such as

complexity, the volume of responsive records, the need to consult with attorneys involved

in a particular matter."

12. On April 14, 2022, Plaintiff requested a status update.

13. On April 15, 2022, Defendant responded "[p]lease note, the FOIA office had to consult

with other officers in the Civil Rights Division to conduct a search and locate records.

While we can't provide an estimated timeline for issuing you a response to you [*sic*], I

can confirm that your request was recently escalated, so we hope to receive information

from the Section soon."

14. On June 10, 2022, Plaintiff asked for a status update.

15. Notwithstanding the Department's prior representation that Plaintiff's request had been

"escalated" and that it was consulting with other offices to conduct a search and locate

records, on June 13, 2022, the Department claimed "[t]he Division received

approximately 268 FOIA requests prior to your request.  In an effort to be fair to the

requesters that filed prior to your request, the Division is responding to these in the

approximate order of receipt.  Various factors impact the turnaround time such as

complexity, the volume of the responsive records, the need to consult with attorneys involved in prior matters."

16. On August 1, 2022, Plaintiff again asked for an update.

17. Also on August 1, 2022, Defendant responded in part "[t]he Division received approximately 264 FOIA requests prior to your request.  In an effort to be fair to the requesters that filed prior to your request, the Division is responding to these in the approximate order of receipt.  Various factors impact the turnaround time such as complexity, the volume of the responsive records, the need to consult with attorneys involved in particular matter."

18. In November 2021, Defendant claimed there were 302 requests ahead of Plaintiff's.  In August 2022, Defendant claimed there were still 264 requests ahead of Plaintiff's.  At this pace (approximately 38 requests processed over a period of approximately seven months), it apparently would take Defendant an additional four years to get to Plaintiff's request.  This is far in excess of the time permitted under FOIA. That is not even considering that the April 15 response indicated the request "was recently escalated." One could reasonably interpret this to mean that processing was proceeding ahead of the normal schedule and a request that had not been "escalated" would take much longer than even that four years.

19. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

20. At this time, it has been more than a year since Plaintiff submitted its FOIA request.  This is well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

21. At this time, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  The Department has not produced responsive documents to the Plaintiff, communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, or informed Plaintiff of its ability to appeal any adverse portion of its determination.

22. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

23. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. PPT properly requested records within the possession, custody, and control of the Department.

26. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

27. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

28. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

29. The Department's failure to provide all non-exempt responsive records violates FOIA.

30. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Department complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

(4) Award the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.

Dated: November 16, 2022

Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, Virginia 22314
Telephone: 703-965-0330
Facsimile: 415-520-6593
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*